United States District Court
Southern District of Texas

**ENTERED**

February 05, 2016

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff-Respondent, | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. H-03-235 |
| | § | CIVIL ACTION NO. H-15-3237 |
| EULALIO MEDRONO MORENO, | § | |
| | § | |
| | § | |
| Defendant-Movant. | § | |

## AMENDED MEMORANDUM AND RECOMMENDATION

Pending before the Magistrate Judge upon referral from the District Judge is Movant Eulalio Moreno's ("Moreno") § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No.145).[1] The Undersigned Magistrate Judge in a Memorandum and Recommendation entered on November 16, 2015 (Document No. 147), recommended that Movant's § 2255 Motion be dismissed for lack of jurisdiction because Movant filed the instant action without seeking leave to file a successive § 2255 motion from the Fifth Circuit Court of Appeals, and further recommended that the case be transferred to the United States Court of Appeals for the Fifth Circuit for a determination of whether Movant should be allowed to file the successive motion in the district court. Since the filing of the Memorandum and Recommendation, Movant has filed a Response (Document No. 150), and the

---

[1] Eulalio Moreno's Motion to Vacate, Set Aside or Correct Sentence can be found at Document No. 1 in Civil Action H-15-3237 and at Document No. 145 in Criminal Action No. H-03-235. References hereafter will be to the Criminal Document numbers unless otherwise indicated.

Government has filed it Response to Successive Motion to Vacate, Set Aside or Correct Conviction and Sentence under § 2255 and Motion to Dismiss (Document No. 154). After reviewing Movant's § 2255 Motion, Movant's Response, the Government's Response, the record of the proceedings before the District Court in the underlying criminal case and on appeal, the earlier post conviction proceeding, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that Movant Eulalio Moreno's § 2255 Motion (Document No. 145) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction because Moreno filed the instant action without seeking leave to file a successive § 2255 motion from the Fifth Circuit Court Appeal, and it is further recommended that the case be transferred to the United States Court of Appeals for the Fifth Circuit for a determination of whether Moreno should be allowed to file to file the successive motion in the district court.

## I.    Procedural History

Moreno, who is currently in the custody of the United States Bureau of Prisons, has previously sought federal habeas corpus relief under 28 U.S.C. § 2255. This is Moreno's second attempt at § 2255 relief.

On June 27, 2003, a grand jury returned an Indictment charging Moreno with possession of counterfeit United States currency in violation of 18 U.S.C. § 472 (Count one), and illegal possession of a firearm by a felon convicted of three or more previous violent felonies in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1) (Count two). (Document No. 1). Moreno pleaded guilty to the Indictment on April 16, 2004. (Document No. 31, Transcript of Rearraignment, Document No. 51). On August 6, 2004, Moreno was sentenced to a total term of imprisonment of 235 months, to be followed by a total term of supervised release of three years, and a special assessment of $200, and a $3,000 fine. (Document No. 40, Transcript of Sentencing, Document No. 65, pp.22-24). Judgment was entered

on August 16, 2004. (Document No.43). Moreno appealed his conviction and sentence to the Fifth Circuit Court of Appeals. The Fifth Circuit vacated Moreno's sentence and remanded the matter for re-sentencing. (Document Nos. 69, 70). At Moreno's July 21, 2006 Re-sentencing, the Court imposed the same sentence. (Document No. 85, Transcript of July 21, 2006, Sentencing Hearing, pp. 7-8). An Amended Judgment was entered on August 1, 2006. (Document No. 80). Again Moreno appealed to the Fifth Circuit Court of Appeals. Unpersuaded by Moreno's arguments, the Fifth Circuit affirmed Moreno's conviction and sentence on August 23, 2007. (Document Nos. 89, 90). Moreno did not file a petition for writ of certiorari with the United States Supreme Court.

On August 22, 2008, Moreno filed a § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Document No. 91 ). In that motion, Moreno raised claims of ineffective assistance of appellate counsel. On May 29, 2012, the undersigned issued a Memorandum and Recommendation. (Document No. 129). Judge Harmon, on August 2, 2013, adopted the Memorandum and Recommendation and denied Moreno's§2255 motion (Document No. 132), and as an addendum, denied a Certificate of Appeal ability on June 30, 2014. (Document No. 140). Moreno appealed the denial to the Fifth Circuit Court of Appeals. On February 23, 2015, the Fifth Circuit affirmed the denial of Moreno's § 2255 motion. (Document No. 143). The United States Supreme Court denied Moreno's petition for writ of certiorari on June 29, 2015. (Document No. 144).

On November 3, 2015, Moreno filed this, his second § 2255 Motion. (Document No. 145). Moreno relying on *Descamps v. United States,* 133 S.Ct. 2276 (2013) and on *Johnson v. United States*, 135 S.Ct. 2551 (2015), asserts that his sentence was improperly enhanced pursuant to the Armed Career Criminal Act ("ACCA" or "Act"). The Act defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use or physical force against the person of another; or (ii) is burglary,

arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."  18 U.S.C. § 924(e)(2)(B).  The last part of the definition, "otherwise involves conduct that presents a serous potential risk of physical injury to another" is known as the residual clause. *Johnson*, 135 S.Ct. at 2556.  In *Descamps,* the Supreme Court held that a statue that swept more broadly than the generic crime of burglary could not form the basis for an increased sentence based on the ACCA.  133 S.Ct at 2283-84. The matter was before the Supreme Court on direct appeal and the Supreme Court in *Descamps* did not state that its holding was a new rule of law with constitutional underpinnings or that it was retroactively applicable to cases on collateral review. The Fifth Circuit has found that *Descamps* does not apply retroactively to cases on collateral review.  *In re Jackson*, 776 F.3d 292, 296 (5th Cir. 2015)(holding that the Supreme Court has not made *Descamps* retroactive and finding that this argument could not serve as the basis of a successful argument to file a second or successive § 2255 motion).

In *Johnson*, the Supreme Court held that imposing an increased sentence under the residual clause of the ACCA violates a defendant's right to due process.  The holding in *Johnson* applies only to the residual clause definition of "violent felony."  The Supreme Court made clear that its decision "does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of "violent felony." *Johnson,* 135 S.Ct. at 2563.  The Supreme Court in *Johnson* did not state that its holding was a new rule of law with constitutional underpinnings or that it was retroactively applicable to cases on collateral review.  The Fifth Circuit addressed whether *Johnson* applies retroactively to cases on collateral review in *In re Williams*, 806 F.3d 322 (5th Cir. 2015).  The Fifth Circuit held that *Johnson* announced a new rule of constitutional law but does not apply retroactively to cases on collateral review, and denied Williams's  successive § 2255 motion. The United States Supreme Court recently granted a *writ of certiorari* in a case presenting issues

related to *Johnson's* retroactivity.  *See Welch v. United States*, No. 15-6418, ___S.Ct.___, 2016 WL

90594 (Jan. 8, 2016). Because this is Moreno's second § 2255 motion, for the reasons which follow,

this court is without jurisdiction to review Moreno's § 2255 motion without authorization from the

Fifth Circuit.

   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C.

§ 2255 to provide that:

> A second or successive motion must be certified as provided in section 2244 by a panel of
> the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as
> a whole, would be sufficient to establish by clear and convincing evidence that no
> reasonable fact finder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by
> the Supreme Court, that was previously unavailable.

Of significance for the instant action, AEDPA further amended 28 U.S.C. § 2244 to provide that:

> (3)(A) Before a second or successive application permitted by this section is filed in
> the district court, the applicant shall move in the appropriate court of appeals for an
> order authorizing the district court to consider the application.

Notwithstanding Moreno's argument that the Court should disregard that he has previously filed a

§ 2255 motion, pursuant to 28 U.S.C. § 2244(3)(A), Moreno must first obtain authorization from the

Fifth Circuit before this Court has jurisdiction to entertain Moreno's successive § 2255 motion.  *See*

*United States v. Orozco-Ramirez,*  211 F.3d 862 (5th Cir. 2000); *United States v. Key,* 205 F.3d 773,

774 (5th Cir. 2000); *Hooker v. Sivley,* 187 F.3d 680, 681-82 (5th Cir. 1999); *United States v. Rich,*

141 F.3d 550, 554 (5th Cir. 1998), *cert. denied,* 526 U.S. 1011 (1999).  Moreno filed his second

federal habeas motion without first obtaining Fifth Circuit authorization to do so.  As a result, until

Moreno obtains the Fifth Circuit's approval to file another federal habeas motion, this Court lacks

jurisdiction over the instant action and it should therefore be dismissed without prejudice.

## II.     Conclusion and Recommendation

Based on the foregoing, the Magistrate Judge

RECOMMENDS that Movant Eulalio Moreno's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 145) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction, and that this case be transferred to the United States Court of Appeals for the Fifth Circuit for a determination of whether Movant should be allowed to file the instant successive § 2255 motion under 28 U.S.C. § 2244(b)(3)(A) and 2255(h).   The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record.   Within 14 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and General Order 80-5, S.D. Texas.   Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).   Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal.   *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429 (5th Cir. 1996).

Signed at Houston, Texas, this 5th  day of February, 2016.

Frances H. Stacy
United States Magistrate Judge